UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| STANLEY DRUMMOND,<br><br>                              Plaintiff,<br><br>                    v.<br><br>STEWARD ARNICE AND REINISSANCE [sic]<br>EQUITY HOLDINGS LLC.,<br><br>                              Defendant. | **MEMORANDUM AND ORDER**<br><br>22-CV-6383 (LDH)(LB) |

LaSHANN DeARCY HALL, United States District Judge:

      Stanley Drummond ("Plaintiff"), proceeding pro se, brings this civil action asserting claims for damages as a result of leaks in his apartment building and improper accounting of his rent, which caused damage to his credit score.  Defendants Steward Arnice and Renaissance Equity Holdings, LLC, are the building manager and property management company, respectively (together, "Defendants").  Plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 is granted.  For the reasons discussed below, Plaintiff's claims are dismissed for lack of subject matter jurisdiction.

## BACKGROUND[1]

      Plaintiff resides in an apartment building located in Brooklyn, New York.  (Compl., ECF No. 1, at 2.)  Since August 2021, Plaintiff has endured a series of leaks in his apartment, which resulted in ceiling collapses.  *Id* at 5.  As a result of the ongoing state of disrepair of the apartment, Plaintiff alleges he suffered slips, falls, physical injuries, constructive eviction, and mental distress, resulting in damages.  *Id*. at 5-6.  Additionally, Plaintiff claims the Renaissance Equity Holdings

---

[1] The following facts are derived from the complaint and are assumed to be true for the purpose of this memorandum and order.  The Court refers to the page numbers assigned by the court's ECF system.

accounting department intentionally "botched" his payment history, negatively impacting Plaintiff's credit.  *Id*. at 5.

## STANDARD OF REVIEW

A district court shall dismiss an in forma pauperis action where it is satisfied the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 915(e)(2)(B).  A plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action.  "[F]ailure of subject matter jurisdiction is not waivable and may be raised . . . by the court sua sponte.  If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000); *see also* Fed. R. Civ. P. 12(h)(3).  Federal subject matter jurisdiction is available only when a case "aris[es] under the Constitution, laws, or treaties of the United States," or when plaintiffs and defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332.

In performing the review required under § 1915(e)(2)(B), this Court is mindful that "[a] document filed *pro se* is to be liberally construed... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).  A court must "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276,280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 878, 790 (2d Cir. 1994).  If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to

amend the complaint.  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999).

## DISCUSSION

"It is a fundamental precept that federal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Cty. of Nassau, N.Y. v. Hotels.com, LP*, 577 F.3d 89, 91 (2d Cir. 2009).  Pursuant to 28 U.S.C. § 1331, federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 215 (2d Cir. 2010) (quoting 28 U.S.C. § 1331).

However, Plaintiff's claims do not arise under the United States Constitution or the laws of the United States.  Rather, Plaintiff seeks this Court's intervention for claims related to property damage, constructive eviction, personal injury, payment errors, and the alleged resulting emotional distress.  It is well-settled that claims involving landlord-tenant matters, including disputes over rent payments, are not within the purview of federal courts.  *Ally v. Sukkar*, 128 Fed.Appx. 194, 195 (2d Cir. 2005) ("[Plaintiff's] complaint arises out of a landlord-tenant dispute over which the federal courts simply have no jurisdiction;") *see also Johnson v. Ikezi*, No. 20-CV-2792, 2021 WL 1091910 (E.D.N.Y. March 22, 2021) (collecting cases).  "Federal courts, unlike state courts, have no jurisdiction over landlord-tenant matters." *Cain v. Rambert*, No. 13-CV-5807 (MKB), 2014 WL 2440596, at *3 (E.D.N.Y. May 30, 2014) (internal citations omitted);  *see also Bey v. Jones*, No. 19-CV-2577 (RRM), 2019 WL 2028703, at *2 (May 8, 2019) ("the Court lacks federal question jurisdiction over [plaintiff's] state law claims in this landlord-tenant matter;" those claims including "back rent"); *Allied Manor Rd. LLC v. Berrios*, No. 17-CV-2277 (WKF), 2017 WL 5558650, at *1 (E.D.N.Y. Apr. 20, 2017) (same).  Plaintiff's

3

personal injury claims fare no better: "claims of personal injury…are state common law claims that do not come within the purview of [] 28 U.S.C. § 1331." *Manes v. Diegelman*, No. 10-CV-0368A, 2010 WL 2326899 at \*2 (W.D.N.Y. June 7, 2010); *see also Eley v. New York City Transit Authority*, No. 14-CV-6886. 2014 WL 6983452 at \*2 (E.D.N.Y. Dec. 10, 2014) (holding that a slip-and-fall personal injury claim arises under state law).  Claims relating to negligent infliction of emotional distress are also rooted in state law.  *See Belmont v. Jetblue Airways Corporation*, 401 F.Supp.3d 348, (E.D.N.Y. 2019) (remanding claims of, *inter alia*, negligent infliction of emotional distress to New York State Court for lack of federal arising under jurisdiction).

Federal courts may alternatively hear cases pursuant to diversity jurisdiction, occurring when plaintiffs and defendants have complete diversity of state citizenship and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  Such is not the case here.  According to the complaint, both Plaintiff and Defendants reside in Brooklyn, New York, rendering diversity jurisdiction inapplicable.  (Compl. at 2.)  As such, this Court does not have jurisdiction over Plaintiff's claims.[2]

## CONCLUSION

Plaintiff's complaint is dismissed without prejudice for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Carter v. Healthport Techs. LLC*, 822 F.3d 47, 54-55 (2d Cir. 2016).

---

[2] The Court would ordinarily allow Plaintiff an opportunity to amend his complaint, *see Cruz v. Gomez*, 202 F.3d 593, 597–98 (2d Cir. 2000), but it need not do so when it is clear from Plaintiff's submission that any attempt to amend the complaint would be futile. *See Ashmore v. Prus*, 510 F. App'x 47, 49 (2d Cir. 2013) (summary order) (noting that leave to amend is futile where barriers to relief cannot be surmounted by reframing the complaint); *see also Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (denying leave to amend a *pro se* complaint where amendment would be futile); *Baptichon v. U.S. Dept. of Educ.*, No. 20 CV 2400, 2020 WL 6565126, at \*6 (E.D.N.Y. Nov. 9, 2020).

The Clerk of Court is respectfully directed to enter judgment, close this case, and mail a copy of the Order to Plaintiff.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.


/s/ LDH
LaSHANN DeARCY HALL
United States District Judge


Dated: Brooklyn, New York
December 27,  2022